UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHENIKO THIGPEN and JUSTIN
CAMPBELL,

      Plaintiffs,

v.

LES STANFORD CHEVROLET
CADILLAC, INC.,

      Defendant.

Case No. 25-11906
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO SEVER PLAINTIFFS OR FOR SEPARATE TRIALS [18]**

---

Two salespeople—Cheniko Thigpen and Justin Campbell—brought this lawsuit together against the Les Stanford car dealership. (ECF No. 12.) Thigpen, a current employee, alleges that Les Stanford discriminated and retaliated against her on the basis of race and sex in violation of Title VII and the Elliot-Larsen Civil Rights Act (ELCRA), and subjected her to a racially and sexually hostile work environment. (*Id.* at PageID.138–146.) Campbell, a former employee, alleges that the dealership discriminated and retaliated against him on the basis of race under Title VII and ELCRA, and also subjected him to a racially hostile work environment. (*Id.* at PageID.138–140, 142–144, 146.) That is, both Plaintiffs bring race-based claims, but only Thigpen brings sex-based claims.

Les Stanford now moves to sever Thigpen and Campell as Plaintiffs, or, alternatively, for the Court to order separate trials. (ECF No. 18.) The motion is fully

and adequately briefed (ECF Nos. 18, 20, 23), so the Court will decide it without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons that follow, Les Stanford's motion is DENIED.

## I.

Federal Rule of Civil Procedure 20(a) allows parties to "join in one action as plaintiffs" if two conditions are met. Fed. R. Civ. P. 20(a)(1). First, "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transaction or occurrences." Fed. R. Civ. P. 20(a)(1)(A). And second, "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(B).

In turn, the Federal Rules of Civil Procedure provide a way for parties, like Les Stanford here, to challenge joinder. Under Federal Rule of Civil Procedure 21, a "court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. And under Federal Rule of Civil Procedure 42, "the court may order a separate trial of one or more issues [or] claims" "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b).

## II.

The Court starts with the portion of Les Stanford's motion to sever Thigpen and Campbell as Plaintiffs under Rule 20. (ECF No. 18, PageID.203–213.) Under the Federal Rules of Civil Procedure, the Supreme Court has explained, "the impulse is toward entertaining the broadest possible scope of action consistent with fairness to

the parties; joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

## A.

The first prong of Rule 20(a)—that plaintiffs who "assert any right to relief" arising "out of the same transaction, occurrence, or series of transactions or occurrences" may be joined—is governed by a "logical relationship" standard. *See Bellew v. Sullivan County, Tenn.*, No. 19-191, 2020 WL 5633856, at *2 (E.D. Tenn. Sept. 21, 2020) ("The Sixth Circuit has held that the term 'transaction' in Rule 20(a) depends less on the immediateness of the connection between a series of occurrences than the 'logical relationship' between them.") (citing *Lasa Per L'Industria Del Marmo Soc. Per Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969)). That is, "all 'logically related' events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence . . . [so] Rule 20 would permit all reasonably related claims for relief by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (quoting 7 C. Wright, Federal Practice and Procedure § 1653 at 270 (1972)).

Les Stanford argues that Plaintiffs fail to satisfy this prong of Rule 20(a) primarily because not all of the claims belong to each of the Plaintiffs. (*See* ECF No. 18, PageID.206 ("Notably, more than forty percent (40%) of the claims in this action relate exclusively to Thigpen's allegations of sexual harassment and sex-based discrimination—claims that not only Campbell does not and cannot assert but has

3

not even been witness to.").) "Simply stated," says the dealership, "Plaintiff Thigpen is a woman, and Plaintiff Campbell is a male" (ECF No. 23, PageID.380) and "[o]ne Plaintiff is alleging sexual harassment and racial discrimination yet remains employed by Defendant, and the other claims he was terminated due to racial discrimination." (ECF No. 18, PageID.205.)

The differences between Plaintiffs' claims, however, do not erase any "logical relationship" between them. *See Bellew*, 2020 WL 5633856, at *2. Recall that permissive joinder of plaintiffs is allowed if "*any* right to relief" is made "with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(1)(A) (emphasis added). That is the case here. Plaintiffs were salespeople at the same dealership, in the same department, at nearly the same time. (*See* ECF No. 12, PageID.132.) As the "only two African American employees in their department," they allege that they were both "treated less favorably than the white employees in their department." (*Id.* at PageID.132, 134.) To illustrate, they allege that their manager "would not even grant minor discounts to close sales with customers when Plaintiffs requested approval, but the same Manager routinely applied large discounts to help the white salesmen in the department." (*Id.* at PageID.134–135.) And they say "[a]fter Plaintiffs successfully passed the Corvette test[,]" the dealership "asked each Plaintiff to complete additional tasks above and beyond those their white counterparts were expected to complete in order to sell Corvettes, which generated the highest commissions." (*Id.* at PageID.136.) That is, they *both* allege that they did not have access to vehicle

4

discounts or the ability to sell Corvettes. Les Stanford nonetheless maintains that "questions of law and fact differ greatly" between Plaintiffs despite these similarities underlying their claims. (*See* ECF No. 18, PageID.205.)

But first, there is a more global problem with Les Stanford's motion. The dealership asserts that Plaintiffs' response to its motion "contradict[s] [its] properly supported Statement of Facts" and that "[t]he facts set forth in these briefings are critical to [its] Motion to Sever, as they form the very foundation of the arguments supporting severance." (ECF No. 23, PageID.376.) That may be so. But the Court is not at liberty to ignore Plaintiffs' well-plead factual allegations in their amended complaint for purposes of this joinder analysis. Stated differently, "[i]n assessing whether the requirements of Rule 20(a) are met, courts must accept the factual allegations in a plaintiff's [amended] complaint as true." *Riverkeeper, Inc. v. Coeymans Recycling Ctr. LLC*, No. 20-01025, 2024 WL 779384, at *1 (N.D.N.Y. Feb. 26, 2024) (citation omitted).

On the law, the dealership maintains that "[t]he terms 'racial discrimination' alleged by both Plaintiffs, are simply a generalized commonality that encompass different alleged facts of what transpired against each Plaintiff." (*Id.*) True, Plaintiffs may rely on different dates, different areas of the physical dealership where the alleged unlawful actions took place, or different, additional witnesses to support their respective claims. But they bring claims that involve "the same pattern of discriminatory conduct by the same managers and coworkers at the same location." (ECF No. 20, PageID.330.) And Rule 20 permits that choice. *See Dejesus v. Humana*

*Ins. Co.*, No. 15-862, 2016 WL 3630258, at *3 (W.D. Ky. June 29, 2016) ("In the employment discrimination context, courts have found joinder proper where there has been a systematic pattern or practice, or when the plaintiffs have been aggrieved by a common actor.") (cleaned up) (citing *Harper v. Pilot Travel Ctrs., LLC*, 2012 U.S. Dist. LEXIS 15030, at *9 (S.D. Ohio Feb. 7, 2012)).

Indeed, the court in *Harper* found the first prong of Rule 20(a) satisfied "[d]espite the plaintiffs having different managers, working at different locations, not reporting directly to the individual who they contended was the primary perpetrator of the discrimination and harassment, and having other individualized elements to their claims." *Id.* And that outcome does not change where one plaintiff brings *additional* claims that another plaintiff does not. *See Dejesus*, 2016 WL 3630258, at *3 (finding "distinctions" between claims unique to each plaintiff "do not necessitate severance of their claims" where a complaint is "replete with similarities as to the allegations that underlie Plaintiffs' claims"). Here, Thigpen and Campbell's claims mirror one another, with the exception of Thigpen's four additional sex-based claims—brought under the same statutes as Plaintiffs' race-based claims. Indeed, "[f]or both race and sex, ELCRA claims are analyzed under the same substantive framework as Title VII claims." *Culton v. Unifi Aviation, LLC*, No. 22-12102, 2024 WL 4340708, at *4 (E.D. Mich. Sept. 27, 2024). So much so that courts "consider[] both of these together." *Id.* Thus, Thigpen's sex-based claims do "not necessitate severance" from both Plaintiffs' race-based claims where similarities between the claims abound.

On the facts, moreover, the dealership concedes "factual (purported) overlap" between the Plaintiffs' claims: whether Plaintiffs could access vehicle discounts and sell Corvettes. (*Id.* at PageID.205.) It maintains those commonalities are not enough for permissive joinder, however, because "different factual circumstances led to each denial." (*Id.*) But that misses the point. Plaintiffs allege that they were not provided with vehicle discounts or allowed to sell Corvettes *because* of their race. They assert a "right to relief" (i.e., relief under Title VII and ELCRA) based on the "series of transactions or occurrences" (i.e., not being provided with vehicle discounts or the ability to sell Corvettes). Whether race was a reason for "each denial" will be one of the ultimate issues in this case. It is not, however, a sufficient reason to sever two Plaintiffs at the outset who allege, among other things, the same "transactions or occurrences" giving rise to their claims.

## B.

The Court finds the second prong of Rule 20(a) also satisfied after concluding that Plaintiffs meet the first. *See Woodall v. Wayne County*, No. 17-13707, 2023 WL 119650, at *4 (E.D. Mich. Jan. 6, 2023) ("Having determined that the claims arise from the same series of occurrences, the second prong of Rule 20—whether 'any question of law or fact common to all plaintiffs will arise'—is easily met."). Indeed, Les Stanford concedes that there are "overlapping allegations" between Thigpen and Campbell—i.e., whether they could access vehicle discounts and sell Corvettes. (*See* ECF No. 18, PageID.208–209.) So the Court finds "any question of law or fact common" to Plaintiffs easily satisfied.

As to the first commonality (Plaintiffs' access to vehicle discounts), the dealership asserts that "[d]iscounting decisions in automobile sales are inherently individualized, fact-specific determinations that turn on a wide range of variables unique to each transaction." (ECF No. 18, PageID.209.) True enough. But Les Stanford takes it one step further. They say "[b]ecause each discount decision turns on a unique combination of transactional facts, there is no common evidentiary basis on which a jury could determine whether management treated Plaintiffs differently from white salespeople without conducting a deal-by-deal analysis across numerous unrelated transactions." (*Id.* at PageID.210.) But that determination—i.e., whether Plaintiffs were treated differently by not having access to vehicle discounts—would have to be made irrespective of whether Plaintiffs sued together or separately. And the same is true for, as the dealership describes, "[t]he fact that both [Plaintiffs] were denied Corvette Team placement." (ECF No. 18, PageID.211.) The Court thus finds at least one "question of law or fact common" to both Thigpen and Campbell.

## C.

Les Stanford asserts that "[s]everance is the appropriate remedy when joinder is improper." (ECF No. 18, PageID.202.) As described above, however, the Court finds that joinder was proper, so it need not assess an "appropriate remedy." *See Woodall*, 2023 WL 119650, at *5 (not conducting a severance analysis under Rule 21 where the Court found that "Plaintiffs' claims have not been misjoined" given that "both prongs of Rule 20 are satisfied"); *see also Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997) ("If the test for permissive joinder is not satisfied, a court, in its discretion, may

sever the misjoined parties . . . .") (citing Fed. R. Civ. P. 21). Although the Court declines to conduct a separate severance analysis because it is not necessary to the disposition of this motion, this case was, as the dealership concedes, "jointly filed" by Plaintiffs over one and a half years ago. (*See* ECF Nos. 12, 18 at PageID.194.) Where "the claims arise out of the same transaction or occurrence" and "present some common questions or fact[,]" the Court finds that "[j]udicial economy would be facilitated by, at least at this time, keeping the claims in the same case." *King v. Chase*, No. 19-02658, 2020 WL 7864027, at *1 (W.D. Tenn. Jan. 17, 2020).

### III.

The Court turns to Les Stanford's alternative request: for the Court to order separate trials. (ECF No. 18, PageID.213–215.)

"[T]his Court should bifurcate the Plaintiffs' claims for purposes of discovery and trial[,]" the dealership argues, given "the clear separate and distinct factual and legal issues in the Plaintiffs' different claims." (*Id.* at PageID.214.) "Allowing the two cases to proceed to the same trial," Les Stanford says, "would be akin to presenting two separate trials within the framework of a single trial" and "the risk of confusion and misleading the jury would be vast." (*Id.*) Yet the dealership dedicates just one conclusory paragraph to this argument. (*See id.* at PageID.214–215.) But "[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997). The dealership's motion does just that.

In any event, this argument does not persuade. Federal Rule of Civil Procedure 42 permits the Court, in its discretion and "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy . . ." to order separate trials on any claim or issue. Fed. R. Civ. P. 42(b). Under this Rule, the Court may choose between a separate and a unified trial by weighing "the potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and [judicial] economy." *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007). The balance of those factors is left to the Court's discretion and is largely based on the specific facts of each individual case. *In re Bendectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1988). Here, the claims arise under the same statutory framework using the same elements and substantial overlap in proof. And both claims are analyzed in the same fashion under these statutes. *See Culton*, 2024 WL 4340708, at *4 ("For both race and sex, ELCRA claims are analyzed under the same substantive framework as Title VII claims, so the Court considers both of these together."). Plaintiffs are represented by the same counsel and discovery on all claims has been consolidated such that convenience and economy favor one trial. At this time, avoidance of prejudice and confusion also seem manageable. Again, the proofs and witnesses on race discrimination will have substantial overlap. And the instructions can make clear to the jury that the sex-based claims can only be considered as to Thigpen. Indeed, when the Court charges the jury, it will, as it does in every case, provide the different elements for each claim, including the protected characteristic (i.e., race or sex) at issue, and direct the jury to consider each Plaintiff's

10

claims separately. So any concerns of prejudice to Les Stanford will be addressed. *See Davis v. Packer Eng'g, Inc.*, No. 11-07923, 2016 WL 11689521, at *4 (N.D. Ill. Nov. 14, 2016) (denying motion for separate trials where each plaintiff did not bring sex-based claims, reasoning that "[t]he jury will be carefully instructed about what evidence may and may not be taken into account with respect to each individual Plaintiff and his or her claims"); *cf. Brophy v. Day & Zimmerman Hawthorne Corp.*, No. 10-35, 2012 WL 870780, at *2 (D. Nev. Mar. 14, 2012) (denying motion for separate trials for two plaintiffs that did not bring the exact same discrimination claims because the jury can "certainly distinguish race from gender discrimination" and "will be instructed that evidence of one type of discrimination may not be used as evidence of another type of discrimination").

The Court understands, though, that this issue could be premature. The parties have not even completed discovery. Thus, should something arise prior to trial that alters this prejudice analysis, the Court can revisit the possibility of a separate trial for the sex-based claims.

## IV.

For the reasons above, Les Stanford's motion to sever Plaintiffs or for separate trials (ECF No. 18) is DENIED.

IT IS SO ORDERED.

Dated: May 22, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

11